UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TIJON CARSWELL,

                  Plaintiff,

    -against-

CITY OF NEW YORK; Police Officer William HERNANDEZ, Shield No. 11812; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                  Defendants.
-------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

BRODIE, J.

POHORELSKY, M.J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action.

## PARTIES

7.  Plaintiff Tijon Carswell ("plaintiff" or "Mr. Carswell") is a resident of New York County in the City and State of New York.

8.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.  Defendant Police Officer William Hernandez, Shield No. 11812 ("Hernandez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hernandez is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 10:55 a.m. on August 31, 2012, plaintiff was lawfully within the vicinity of 102nd Street, New York, New York.

14. Plaintiff was with his friend and a family member when several New York City Police Officers, including defendant Hernandez, approached plaintiff.

15. One of the officers said, "So you want to be a smartass?"

16. Plaintiff responded, "I'm not being a smartass."

17. Apparently in retaliation to plaintiff's statement, the officers, including defendant Hernandez, shoved plaintiff into a gate.

18. The officers then place plaintiff under arrest despite the fact that they had no probable cause to believe that he had committed any crimes or offenses.

19. The officers then threw plaintiff into a police van with other prisoners.

20. Plaintiff was eventually taken to PSA 5.

21. At the precinct the officers, including defendant Hernandez, falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff consuming alcohol in a public place, obstructing governmental

administration, engaging in disorderly conduct, and resisting arrest.

22. At no point did the officers observe plaintiff commit any crimes or offenses.

23. From the precinct, plaintiff was transported to Manhattan Central Booking.

24. Plaintiff was subsequently arraigned in New York County Criminal Court and released on his own recognizance after spending approximately thirty (30) hours in custody

25. Plaintiff's criminal charges were adjourned in contemplation.

26. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

38. Plaintiff was conscious of his confinement.

39. Plaintiff did not consent to his confinement.

40. Plaintiff's confinement was not otherwise privileged.

41. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

48. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The individual defendants created false evidence against Plaintiff.

52. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

53. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The individual defendants issued legal process to place Plaintiff under arrest.

57. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

58. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring/Training/Retention

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

62. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

63. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

64. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### First Amendment Retaliation

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and

Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

68. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

69. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## TENTH CLAIM
### Intentional Infliction of Emotional Distress

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

72. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

73. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

78. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   February 6, 2013
         New York, New York

_____
Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 323-6880
robmarinelli.gmail.com

*Attorney for plaintiff*